**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAIN VASQUEZ GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:25-cv-424 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| LEONARD ODDO, *in his official capacity as* | ) | Re: ECF No. 23 |
| *Warden of Moshannon Valley Processing* | ) | |
| *Center, et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Currently before this Court is Petitioner's Motion to Enforce, in which Petitioner seeks an order granting a writ of habeas corpus and his immediate release from immigration detention. ECF No. 23. For the reasons that follow, the Motion to Enforce will be granted.[1]

## I.   RELEVANT BACKGROUND

Petitioner Nain Vasquez Gonzalez ("Petitioner") is an immigration detainee who, at the initiation of this matter, was held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania.[2]

In 2019, while still a minor, Petitioner was arrested and charged with aggravated assault, but those charges quickly were dismissed. ECF No. 1 at 11. As an adult, Petitioner was arrested

---

[1] The Parties have consented to the jurisdiction of a United States Magistrate Judge. ECF Nos. 6 and 10.

[2] At some point after the filing of the Petition, Petitioner was transferred to the Miami Correctional Facility in Bunker Hill, Indiana. ECF No. 13 at 13. The record indicates that he currently remains there. There is no dispute that the transfer was effected after the filing of this case, and thus it does not divest this Court of jurisdiction. See Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 448 (3d Cir. 2021).

1

in New Jersey and charged with aggravated assault and weapons violations on July 9, 2022. Id. On January 13, 2023, Petitioner was arrested and charged with possession of a controlled dangerous substance, also in New Jersey. Id.

Petitioner was detained by immigration officials subsequent to his January 13, 2023 arrest. Id.; ECF No. 1-1 at 10-12. Petitioner has remained detained since then, with a significant portion of that detention appearing to have occurred at MVPC. See ECF No. 1-1 at 46 (indicating that Petition was held at MVPC on January 17, 2024); see also id. at 81 and 88 (Petitioner still at MVPC on August 20, 2025).

Petitioner's administrative immigration detention has lasted more than three years and three months as of the date of this writing. The record indicates that officials in New Jersey have allowed Petitioner's pending aggravated assault charges to be disposed through a pretrial diversionary program, which will result in the charges being dismissed if Petitioner complies with the terms of that program. ECF No. 23-4 at 7-9 and 11.

On March 23, 2026, this Court conditionally granted Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 17 and 18. In conditionally granting the writ, the undersigned found that Petitioner's detention was governed by 8 U.S.C. § 1226(a), which entitles Petitioner to a bond hearing before an immigration judge. ECF No. 17 at 5-6. The undersigned further concluded that Petitioner's extremely lengthy detention implicated his right to due process, and "mimic[ed] mandatory detention in fact, if not in name." Id. at 7-8.

As a result, the undersigned applied the analysis set forth by the United States Court of Appeals for the Third Circuit in German Santos v. Warden Pike County Correctional Facility, 965 F.3d 203, 210-14 (3d Cir. 2020), to the facts of Petitioner's case. This Court found that each of the German Santos factors individually weighed in favor of the conclusion that Petitioner's

2

detention had become unreasonable, as did the balance of those factors. Id. at 9-11. Of particular significance in that analysis were the length of Petitioner's detention, and the unreasonable delay caused by the Board of Immigration Appeals' ("BIA") months-long failure to comply with the order of the Third Circuit that Petitioner's underlying immigration case be remanded to an immigration judge ("IJ"). Id. at 9-10. It appears from the record that the BIA finally remanded Petitioner's case to an IJ on March 26, 2026 – three days after the writ was conditionally granted, and more than four and an half months after the Third Circuit issued its mandate in Petitioner's case. ECF No. 1-1 at 66-67; ECF No. 23-4 at 44-46.

In the March 23, 2026, order conditionally granting the writ, this Court set forth the following requirements.

> AND NOW, this 23rd day of March, 2026, for the reasons stated in the Memorandum Opinion contemporaneously filed herewith, IT IS HERBEY ORDERED, ADJUDGED, and DECREED that Petitioner's "Complaint and Petition for Writ of Habeas Corpus," ECF No. 1, is CONDITIONALLY GRANTED.
>
> IT IS FURTHER ORDERED that Petitioner shall be provided a full bond hearing before a neutral immigration judge of the Executive Office of Immigration Review on or before **April 6, 2026**. At said bond hearing, the Government shall bear the burden to justify Petitioner's detention by clear and convincing evidence. German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203, 213 (3d Cir. 2020). "That evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." Id. at 214.
>
> This Order should not be read to constrain the immigration court from considering additional factors that normally are available to it in the context of an immigration bond hearing, such as alternatives to detention or the Petitioner's ability to pay, to the extent that they are not inconsistent with the Government's burden, as set forth in German Santos.
>
> If Petitioner is not provided with a bond hearing satisfying these conditions on or before said date, or if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 220 (BIA 2025), or Matter of Q. Li,

3

29 I. & N. Dec. 66 (BIA 2025), or if the Government appeals any grant of bond based on the holding of either of these administrative decisions, THE WRIT SHALL ISSUE, and Petitioner shall be released with conditions of supervision consistent with applicable law.

ECF No. 18 at 1-2.

The record indicates that Petitioner was provided a bond hearing before an IJ on March 31, 2026. ECF No. 23-7 at 1. The record shows that Petitioner was represented by counsel at the hearing, and that both parties submitted evidence to the IJ prior to the hearing. See, generally, ECF Nos. 23-2 – 23-7. At the conclusion of the hearing, the IJ issued an oral decision denying bond, in which she found that the Department of Homeland Security ("DHS") had established by clear and convincing evidence both that Petitioner was a danger to the community and a flight risk. ECF No. 23-7 at 26-32. The transcript of the bond hearing – including a cover page, the oral decision, and a certificate signed by the court reporter – is 33 pages long.

Petitioner filed the instant Motion to Enforce and supporting brief on April 10, 2026. ECF Nos. 23 and 24. Respondents filed a response in opposition on April 20, 2026. ECF No. 26. Petitioner filed a Reply on April 22, 2026. ECF No. 28. The Motion to Enforce is now ripe for consideration.

## II.     ANALYSIS

As a general proposition, it is beyond reasonable dispute that a habeas court retains jurisdiction to enforce compliance with an order conditionally granting the writ. See, e.g., Fernandez Aguirre v. Barr, No. 19-CV-7048, 2019 WL 4511933, at *3 (S.D.N.Y. Sept. 18, 2019). Cf. Satterlee v. Wolfenbarger, 453 F.3d 362, 369 (6th Cir. 2006) (a conditional grant of a writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner."). Accord. Haskell v. Folino, 461 F. Supp. 3d 202, 210-11 (W.D. Pa. 2020). Accord. Morgan v. Oddo, No. 24-221, 2025 WL 2653707, at *3 (W.D. Pa. Sept. 16, 2025).

That said, the Immigration and Nationality Act ("INA") limits the scope of this Court's review of an IJ's bond determination.  Specifically, 8 U.S.C. § 1226(e) states:

> (e) Judicial review
>
> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

There is little explicit guidance from the United States Court of Appeals for the Third Circuit as to the interplay between this Court's authority to enforce its prior conditional grant of the writ, and Section 1226(e)'s bar of review of the IJ's discretionary bond decision.  However, in Ghanem v. Warden Essex County Correctional Facility, No. 21-1908, 2022 WL 574624 (3d Cir. Feb. 25, 2022), a non-precedential opinion issued after German Santos, the Third Circuit discussed the scope of a federal habeas court's jurisdiction to review the outcome of an immigration bond hearing for compliance with an order conditionally granting federal habeas relief.  It stated that "[a]lthough we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we may review whether the bond hearing was fundamentally unfair."  Id. at *2 (citation footnotes omitted).

"In a fundamentally fair bond hearing, due process has three essential elements.  An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests."  Id. (citation footnote and internal quotation marks omitted).  Thus, this Court's review of the IJ's bond determination is narrow , and "is not the proper avenue to relitigate the merits of a bond order."  Id.

Petitioner argues in his brief that the IJ violated his due process rights for a variety of reasons. ECF No. 24 at 2.  Additionally, in his Reply, Petitioner argues that, even if the March 31,

2026, bond hearing complied with due process, this Court still possesses the authority to release Petitioner in light of his lengthy detention  ECF No. 28 at 6 (citing Gudiel Rodriguez v. Bondi, No. 26-CV-902, 2026 WL 1030603, at *2-3 (D.N.J. Apr. 16, 2026)). See also Perez Sierra v. Bondi, No. 25-CV-18829, 2026 WL 497070, at *4 (D.N.J. Feb. 23, 2026).  Respondents acknowledge the existence of this authority from the District of New Jersey – to her credit, Respondents' counsel herself brought it to the Court's attention in her opposition brief.  ECF No. 26 at 12.  Both parties appear to agree that the German Santos factors are relevant to – if not dispositive of – whether this Court should order Petitioner's outright release in light of the duration of his immigration detention.  Id.; see also ECF No. 28 at 6.

Upon review, this Court is persuaded by this second argument.  These cases from the District of New Jersey stand for the proposition that "[e]ven where a fundamentally fair hearing has been provided, this Court must independently assess whether continued detention has become constitutionally unreasonable."  Guidel Rodriguez, 2026 WL 1030603, at *2.  See also Perez Sierra, 2026 WL 497070, at *4 (same).  "Civil immigration detention is regulatory, not punitive, and must remain tethered to its legitimate purposes of ensuring appearance at proceedings and protecting the community."  Perez Sierra, 2026 WL 497070, at *5.  "Continued detention must remain tethered to its purposes and supported by current, individualized justification."  Guidel Rodriguez, 2026 WL 1030603, at *2.

To the extent that their holdings rely on Petitioner's rights under the Fifth Amendment, and not on some reasonableness requirement imputed into Section 1226(a), this Court agrees with these decisions from the District of New Jersey.  Pre-removal order immigration detention, at some point, may become so prolonged that it offends due process.  Without additional significant and individualized justification, supported by robust procedural protections, it may be remedied only

by outright release.  Indeed, as the Supreme Court recognized with respect to post-removal order detention under 8 U.S.C. § 1231(a), "we have upheld preventive detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections. [. . . .]  In cases in which preventive detention is of potentially indefinite duration, we have also demanded that the dangerousness rationale be accompanied by some other special circumstance, such as mental illness, that helps to create the danger." Zadvydas v. Davis, 533 U.S. 678, 690-91 (2001).

In light of Petitioner's more than three years of administrative detention, and this Court's prior analysis of the German Santos factors – and especially considering the months-long unnecessary delay caused by the BIA's failure to remand Petitioner's case – see ECF No. 17 at 9-11, the undersigned is persuaded that the specific facts of Petitioner's detention warrant his immediate release.[3]  While the undersigned is cognizant of the IJ's finding of danger and risk of flight, ECF No. 23-8, the record simply lacks the sort of "special justification" or "strong procedural protections" necessary to support what appears to be the indefinite detention of Petitioner. Zadvydas, 533 U.S. at 690-91.

---

[3] Because this Court is persuaded that the facts of this case warrant release regardless of whether Petitioner received a constitutionally-sufficient bond hearing, it is unnecessary to consider whether the March 31, 2026, bond hearing satisfied due process.  That said, this Court has carefully reviewed the record of the bond hearing presented by the parties, and has significant concerns regarding whether the IJ actually held DHS to the burden set forth in the Order conditionally granting the writ, as well as whether her characterization of Petitioner's testimony, and her conclusions based thereon, are supported by a rational basis. See Romero v. Ogle, No. 1:21-CV-01192, 2021 WL 8362027, at *2 and 3 (M.D. Pa. Nov. 12, 2021).  For the same reasons, this Court also need not address the serious concerns of bias on the part of the IJ raised by Petitioner.

### III.    CONCLUSION

Upon review, the undersigned concludes that Petitioner's continued immigration detention violates his right to due process set forth in the Fifth Amendment of the Constitution of the United States.  Accordingly, the Motion to Enforce , ECF No. 23, will be granted, and the writ shall issue.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241.  Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011).  See also 28 U.S.C. § 2253(c)(1).  Therefore, it is not necessary to determine whether one should be issued here.


AND NOW, this _28th_ day of April, 2026, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Petitioner's Motion to Enforce,  ECF No. 23, is GRANTED.

IT IS FURTHER ORDERED that a writ of habeas corpus is issued.  Respondents shall RELEASE Petitioner from immigration detention FORTHWITH, subject to conditions consistent with applicable law.

IT IS FURTHER ORDERED that the parties shall provide written notice of Petitioner's release on the docket within 24 hours of its occurrence.


BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:      Counsel of record (via CM/ECF)

8